UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MATTEL, INC., a Delaware
corporation,

    Plaintiff,

v.

R. S. TRADING COMPANY
a Florida corporation,
NORMAN SMILEY and
GIL RAZ,

    Defendants

_____/

CASE NO.: **97 - 6508**
**CIV - HURLEY**

**COMPLAINT FOR INJUNCTIVE**
**RELIEF AND DAMAGES**

MAGISTRATE JUDGE
LYNCH

   Plaintiff, MATTEL, INC., a Delaware corporation, sues Defendants, R. S. TRADING COMPANY, NORMAN SMILEY and GIL RAZ and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

   1. This is an action for injunctive relief pursuant to Fed. R. Civ. P. 65 and for damages for unfair competition and trademark infringement.

   2. The amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorneys fees.

   3. Plaintiff, MATTEL, INC., is a Delaware corporation with its principal place of business in the State of California and is

a citizen of Delaware or California for purposes of diversity of citizenship.

4. Defendant, R. S. TRADING COMPANY is a Florida corporation with its principal place of business in Broward County, Florida and is a citizen of the State of Florida for purposes of diversity of citizenship.

5. Defendant, NORMAN SMILEY is a citizen of the State of Florida and/or of the nation of Canada for purposes of diversity of citizenship, and is a principal or owner of Defendant R. S. TRADING.

6. Defendant, GIL RAZ is a citizen of the State of Florida and/or the nation of Canada for purposes of diversity of citizenship, and is a principal or owner of Defendant R. S. TRADING.

7. This Court has jurisdiction based on diversity of citizenship pursuant to 28 USC §1332.

**GENERAL ALLEGATIONS**

8. Plaintiff is in the business of manufacturing and distributing toys.

9. Defendants, R. S. TRADING, NORMAN SMILEY and GIL RAZ are liquidators of merchandise in the business of obtaining and selling in the ordinary course of business odd lots and close outs of discontinued, damaged and irregular goods at wholesale and below wholesale prices.

10. Among the toys distributed by the Plaintiff is a line of water sports products including Morey Bodyboards. The Bodyboards are distributed by MATTEL from its center in Chino, California.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER & McINTYRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

The boards consist mainly of polyethylene, a product manufactured by Dow Chemical.  The boards are stamped or marked with MATTEL's trademark at the time of their manufacture.

11.  As a result of changes in 1995 in the composition of the polyethylene purchased from Dow Chemical and used to manufacture MATTEL Bodyboards, a large number of the MATTEL Bodyboards were found to be defective and below MATTEL's established quality control standards of aesthetics and/or quality of performance.  As a result, over 17,000 Bodyboards were rejected for sale by MATTEL as defective products.

12.  In an effort to maintain quality control and eliminate problems associated with distribution of defective products, MATTEL entered into an agreement with G & R POLYMERS of Riverside, California to sell 17,391 defective Bodyboards to G & R with the specific requirement that G & R destroy the products.  Pursuant to this agreement, G & R also agreed to initially pay MATTEL two cents (2¢) per pound for the scrap material generated from the destruction of these products, and later, up to four cents (4¢) per pound.

13.  On February 21, 1997, MATTEL delivered the first load of Bodyboards to G & R and on February 26, 1997, G & R sent a letter to MATTEL formalizing the arrangement.  A copy of the letter is attached as Exhibit A.

14.  From February 21, 1997 and March 18, 1997, a total of twelve (12) trailer loads of defective Bodyboards were delivered to G & R POLYMERS   Copies of the shipping documents reflecting

3

delivery of the defective products from plaintiff to G & R are attached as Composite Exhibit B.

15.    In connection with the agreement to destroy the defective products, G & R POLYMERS supplied to MATTEL several Certificates of Destruction.  The initial Certificate of Destruction dated March 26, 1997 reflected that 16,731 Bodyboards had been destroyed, 660 fewer than the 17,391 boards delivered by MATTEL.  A copy of the initial handwritten draft of the March 26, 1997 Certificate of Destruction is attached as Exhibit C.  A copy of the typed final draft of the Certificate of Destruction, also dated March 26, 1997, is attached as Exhibit D.  In response to its attempt to resolve the numeric discrepancy, MATTEL received from G & R a note voiding the original March 26, 1997 Certificate of Destruction.  A copy of the voided March 26, 1997 Certificate of Destruction is attached as Exhibit E.    Subsequently, G & R sent Plaintiff a revised Certificate of Destruction dated April 8, 1997 showing that 17,211 boards were destroyed, 180 less than the number delivered to G & R for destruction.  A copy of the April 8, 1997 Certificate of Destruction and cover letter from G & R is attached as Composite Exhibit F.

16.    Subsequent to receiving Certificates of Destruction of the product from G & R, MATTEL learned that certain of the Bodyboards were made available for sale on the west coast at well below wholesale prices.  Later, MATTEL learned that Defendant, R. S. TRADING, was offering to sell first quality, top of the line Morey Bodyboards **for 50% to 70% below wholesale cost.**  R. S. TRADING is a liquidating company which has represented to the toy

4

trade in South Florida that it has purchased 14,000 Morey Bodyboards from a bank which had foreclosed on a retail shop and was looking to move those boards quickly. R. S. TRADING has advised that they have the following units available for sale:

| Model | Inventory | Price | Value |
|---|---|---|---|
| Mach 4-40 | 1300 | $25.00 | $ 32,500 |
| Mach Channel | 1538 | $28.00 | 43,064 |
| Mach HS | 907 | $25.00 | 22,675 |
| Gemini | 1345 | $28.00 | 37,660 |
| Mach 25 | 299 | $35.00 | 10,465 |
| "RONK" | 156 | $40.00 | 6,240 |
| "SKIP" | 5 | $40.00 | 200 |
| TOTALS | 5550 | | $ 152,804 |

A copy of the letter from Defendants, GIL RAZ and R. S. TRADING COMPANY dated April 8, 1997 containing the foregoing information is attached as Exhibit G.

17. Subsequently, a MATTEL retailer in Broward County received an inventory list of Bodyboards available for purchase from Defendant R. S. TRADING as follows:

| Model | Paul's Price | Inventory | Retail Price | Value at Paul's Pr. |
|---|---|---|---|---|
| M4-40 | $35.00 | 465 PC | $ 89.00 | $ 16,275 |
| M. Channel | 50.00 | 2738 PC | 189.00 | 136,900 |
| M. H-S | 35.00 | 1207 PC | 89.00 | 42,245 |
| M. 4 | 35.00 | 1339 PC | 84.00 | 46,865 |
| M. Gemini | 45.00 | 1345 PC | 119.00 | 60,525 |
| M. 25 | 50.00 | 300 PC | 189.00 | 15,000 |
| TOTAL | | 7394 PC | $759.00 | $317,810 |

A copy of the inventory list is attached as Exhibit H.

18. MATTEL has researched its shipping reports for 1996 and the first quarter of 1997. These records showed a total of 1,400 Mach Channel Bodyboards shipped worldwide. R. S. TRADING shows on

5

their inventory availability 1,538 of these units, 110% of all Mach Channel boards shipped by MATTEL during the relevant time period. MATTEL's records also reflect 1,600 Gemini shipped worldwide and R. S. TRADING inventory reports indicate that they maintained 1,345 or 84% of all of the Gemini model Bodyboards shipped during the relevant time period. MATTEL shipped 3,800 Mach 25 Bodyboards worldwide and R. S. TRADING showed an inventory of 299 or 8% of all Mach 25 Bodyboards shipped by MATTEL during the relevant time period. MATTEL shipped 3,700 "RONK" Bodyboards worldwide during the relevant time period and R. S. TRADING showed an inventory of 156 or 4% of all "RONK" Bodyboards shipped during the relevant time period.

19. MATTEL has obtained a sample of the Bodyboards made available for sale by Defendants through R. S. TRADING CO. After review and testing, MATTEL has determined that the Bodyboards being sold by Defendants R. S. TRADING, NORMAN SMILEY and GIL RAZ are in fact from the same lot of defective merchandise which MATTEL contracted with G & R POLYMERS to have destroyed in California.

20. The conduct of G & R POLYMERS and Defendants, R. S. TRADING, NORMAN SMILEY and GIL RAZ is in direct violation of MATTEL's specific instructions and G & R POLYMERS' agreement to destroy the defective Bodyboards. Irreparable harm has already occurred and will continue if Defendants R. S. TRADING, NORMAN SMILEY and GIL RAZ are permitted to continue to distribute defective products under the brand name of MATTEL. MATTEL has no adequate remedy at law other than injunctive relief to prohibit the further sale and distribution of the defective Morey Bodyboards

BUNNELL, WOULFE, KIRSCHBAUM, KELLER & McINTYRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 • (954) 761-8600

because Defendants' random sale of the products will result in immediate mass distribution of the Bodyboards to retailers and to the general public and Plaintiff's subsequent inability to prevent distribution and recover the defective products before sale to end use consumers.

<h3 style="text-align:center">COUNT I - INJUNCTIVE RELIEF</h3>

21.  Plaintiff repeats and realleges the allegations set forth in paragraphs 8-20 above as if set forth fully herein.

22.  Based on the foregoing allegations, Plaintiff is entitled to injunctive relief and respectfully requests that this Court enter a Temporary and Permanent Injunction as follows:

A.  That R. S. TRADING, NORMAN SMILEY and GIL RAZ, and any of their respective affiliates or subsidiaries are directed to cease and desist from further sale and distribution of the Morey Bodyboards in their possession or under their direction and control.

B.  That R. S. TRADING, NORMAN SMILEY and GIL RAZ, and any of their respective affiliates or subsidiaries are directed to turn over to MATTEL all defective Morey Bodyboards in their possession or under their direction and control obtained directly or indirectly from G & R POLYMERS.

C.  That R. S. TRADING, NORMAN SMILEY and GIL RAZ and any of their respective affiliates or subsidiaries provide a list of all retailers or distributors who purchased defective Bodyboards from the lot received directly or indirectly from or through G & R POLYMERS.

D.  That R. S. TRADING, NORMAN SMILEY and GIL RAZ and any of their respective affiliates or subsidiaries provide records regarding the purchase and sale of all Morey Bodyboards purchased, received, sold and distributed during 1997.

E.  That Plaintiff be given the right to an immediate inspection of the goods described above, wherever they may be stored by Defendants or by others within their direction and control.

F.  Damages against all Defendants as appropriate including profits on sale of any Morey Bodyboards.

7

G.    Such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting this Complaint for Injunctive Relief as set forth above and for such other and further relief as the Court may deem proper.

COUNT II - TRADEMARK INFRINGEMENT

23. Plaintiff repeats and realleges paragraphs 8-20 as if set forth fully herein.

24. The Morey Bodyboards in the possession of Defendants and/or their agents or other representatives contain the mark or stamp of the Mattel trademark, identifying them as products manufactured, distributed and warrantied by MATTEL. MATTEL has instituted procedures to insure that only first line quality merchandise is marketed and distributed in its name and under its trademark and that only such merchandise reaches retailers for sale to end use consumers.

25. Based on the foregoing allegations, Defendants have and continue to infringe on Plaintiff's trademark by selling and distributing unauthorized and defective merchandise which Plaintiff contracted with a third party to be destroyed. The nonconforming products should be deemed not to be the genuine product of MATTEL and their distribution under the MATTEL trademark constitutes trademark infringement. Such nonconforming sales diminish the value of Plaintiff's trademark and are in violation of Plaintiff's trademark name which is marked or stamped on the goods and will result and has resulted in lost profits to the Plaintiff and unjust enrichment to the Defendants.

26. As a result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer unspecified damage to its business reputation and decreased sales of high quality first line trademarked merchandise in place of the defective goods sold and distributed by Defendants and represented to be goods authorized for distribution by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, costs of this action and for such other and further relief as this court may deem just and proper. Plaintiff further demands trial by jury on all issues so triable as of right.

**COUNT III - UNFAIR COMPETITION,
DECEPTIVE AND UNFAIR TRADE PRACTICES**

27. Plaintiff repeats and realleges paragraphs 8-20 as if set forth fully herein.

28. Based on the foregoing allegations, Defendants are and have been engaged in unfair competition and deceptive and unfair trade practices, in violation of the laws of the United States and the State of Florida, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. by selling and distributing merchandise represented to be that of the Plaintiff, and of first line quality when in fact the goods are defective and do not meet Plaintiff's strict quality control standards for aesthetics and/or quality of performance.

29. As a result of Defendants' unfair competition and deceptive and unfair trade practices, Plaintiff has been and will continue to be damaged by the unauthorized sale of products marked or stamped with the MATTEL name and represented to be first line

9

quality merchandise of the Plaintiff, when in fact they are not. Plaintiff's damages include but are not limited to decreased sales of authentic first quality Bodyboards of the type being sold and distributed by Defendants without authorization from Plaintiff, but with Plaintiff's trademark appearing on them.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, costs of this action, attorneys fees pursuant to Fla. Stat. §501.2105 and such other and further relief as this court may deem just and proper. Plaintiff further demands trial by jury on all issues so triable as of right.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER & McINTYRE, P.A.
> Counsel for Plaintiff
> 888 East Las Olas,
> Suite 400
> P. O. Drawer 030340
> Fort Lauderdale, FL 333033
> (954) 761-8600
>
> By:_____
> D. DAVID KELLER
> Fla. Bar No. 288799

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

MATTEL, INC.

**DEFENDANTS**

R. S. TRADING COMPANY
NORMAN SMILEY
GIL RAZ

97 - 6508 CIV - HURLEY    MAGISTRATE JUDGE
LYNCH

CAT A 0:97CV06508 Hurley/FSL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

D. David Keller, Esquire
Bunnell, Woulfe, Kirschbau, Keller &
McIntyre, 888 E Las Olas Blvd, Ft. Laud, FL (954-761-8600)

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government
  Plaintiff
- ☐ 2. U.S. Government
  Defendant
- ☐ 3. Federal Question
  (U.S. Government Not a Party)
- ☒ 4. Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   The basis for Federal jurisdiction is diversity of citizenship pursuant to 28 U.S.C. Section 1332.  This is an action for injunctive relief, trademark infringement and unfair competition.

**IVa.** ____4____ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **B PRISONER PETITIONS** | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reified
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A
☐ CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  N/A

Check YES only if demanded in complaint.
**JURY DEMAND:** ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):   N/A

JUDGE_____   DOCKET NUMBER_____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 4/28/97 | D. David Keller |

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 511419

Date Paid: 042897

Amount $150.00

M/fp: _____